Case number 17-7056. Clarence Jackson, appellate v. Office of the Mayor of the District of Columbia, AL. Mr. Jackson for the appellate. Ms. Boyce for the amicus curiae. Ms. Pittman for the appellate. Ms. Boyce, good morning. Let me just put on the record that Clarence Jackson was given five minutes for argument. And he is caught in traffic and I don't think we'll get here even with all the arguments we have in the other cases. So we're going ahead. May it please the court. My name is Sarah Boyce and I'm the court appointed amicus for the appellant, Mr. Jackson. I'd like to reserve one minute of time for rebuttal. At their core, res judicata, Rooker-Feldman and Younger abstention are all doctrines that bar a plaintiff from asking a federal court to second guess the judgment of a state court. If that were indeed what Mr. Jackson was doing, his federal complaint would be barred. But that is not what Mr. Jackson is doing. Mr. Jackson's federal complaint raises different claims that implicate a different jurisdictional question. For that reason, the three doctrines on which the district court relied are inopposite and the district court should be reversed. Appellees have conceded that Rooker-Feldman and Younger abstention do not apply in this case. I guess we'll hear from them. It seems to me they're a little equivocal in their briefs. I think they've effectively conceded. They've said that it likely does not apply. I'm just down to res judicata. Yes, they've focused on res judicata. So unless the court has questions on the other doctrines, I'll focus on that as well. Res judicata does not apply in this case for two primary reasons. That doctrine requires both that a party be raising the same claims that he raised before, or claims he could have raised, and that there has been a final valid judgment on the merits. Here, neither of those requirements has been satisfied. To start with the second, the Superior Court dismissed Mr. Jackson's claims for lack of subject matter jurisdiction, which is obviously not a decision on the merits. Appellees have tried to invoke a narrow exception from this Court's decision in GAF Court v. United States, but that exception does not apply here. Mr. Jackson is not asking the Federal Court to second-guess whether, in fact, the Superior Court had subject matter jurisdiction over his claims. Instead, he's asking the Federal Court to assure itself of its own subject matter jurisdiction and then exercise that jurisdiction in his favor. To give an example, to illuminate that point, if, for example, Mr. Jackson had brought a family law claim in Federal District Court, a divorce claim or a child custody claim, and the Federal District Court had dismissed that claim for lack of subject matter jurisdiction, that narrow jurisdictional holding would not preclude a state court down the road from exercising subject matter jurisdiction over the same claim. That's essentially what's happening here. The Superior Court has said that it lacks subject matter jurisdiction, but that has absolutely no bearing on the precise jurisdictional question of whether the Federal District Court had jurisdiction over his claims. Well, he's brought different claims here, too. Yes, that's the second reason that dress judicata does not apply. So moving on to that reason, in his Superior Court complaint, Mr. Jackson was raising a straightforward challenge to the District of Columbia's decision not to let him sit for the bar exam. In his Federal complaint, he's raising a different claim, and I'd like to draw the Court's attention to a few paragraphs in the Federal complaint that I think illuminate that. In particular, there's two paragraphs, four, but the second paragraph, four, paragraph five, and paragraph six, make it clear that in his Federal complaint, Mr. Jackson is raising a broader constitutional challenge to the procedures the District Court has put in place for appealing a denial of a bar admissions application. And that kind of broader constitutional challenge does not fall within the scope of dress judicata. Particularly, I'd like to draw the Court's attention to the language at the end of paragraph five that says that the District of Columbia has a process that keeps the courts in Washington favoring the mayor's office 100% of the time. So essentially, what Mr. Jackson is arguing in his Federal complaint is that there's an unfair thumb on the scale that means that applicants who wish to protest a certain decision of the Committee on Admissions do not enjoy due process in raising that appeal. Specifically, he challenges the lack of a hearing, he challenges the refusal of the District to give him any discovery, and he chooses the inefficient processes by which he receives mail. So if we were to agree with your analysis, what happens? What do we do? What's the disposition? If the Court agrees that the District Court was in error, then this Court should reverse the District Court's holding and remand the case for the District Court to attempt to decipher Mr. Jackson's complaint and decide whether, in fact, he has stated a claim in that complaint. So the proper course is a reverse and a remand. At that point, the appellees, of course, could argue that the complaint should be dismissed for other reasons, but that's for the District Court to decide. Particularly, whereas here, we have a pro se complaint that should be liberally construed. Didn't the defendants raise 12B6 arguments below? Why couldn't we look at the complaint and say that it really doesn't comply with Rule 8? The appellees did raise 12B6 grounds in their motion to dismiss, but they have not briefed that here, and the District Court would be well-suited and perhaps better suited to decipher this complaint and ascertain whether, in fact, there is merit to his claims. So this Court would have jurisdiction to do that, but particularly where it hasn't been briefed, where Mr. Jackson could perhaps be appointed counsel below or be given the opportunity to amend his complaint, the better course would be for this Court to remand for the District Court to assess the claims in the first instance on the merits. If there are no further questions. You realize that question came from a former District Court judge. I mean, we're competent. Two of us are former District Court judges. Yes, I certainly do not mean to impugn your competence to do so, but particularly where it's a pro se plaintiff. What do you mean, two? Two are competent. Particularly where it's a pro se plaintiff and the issue has not been briefed, the better course would be to remand for the District Court to decipher the complaint in the first instance. If there are no further questions, I'll reserve the room. All right. We'll give you a minute to reply. Thanks so much. Ms. Pittman. Good morning. May it please the Court, I am Lucy Pittman on behalf of the Mayor's Office and the D.C. Court of Appeals Committee on Admissions. I think this Court can affirm the dismissal of the District Court complaint on the grounds of race judicata, with that narrow ruling of it being related to the subject matter jurisdiction. So you are conceding the Rooker-Feldman and Younger abstention points? We shouldn't think about those? Well, so I don't know that I can concede a jurisdictional issue like Rooker-Feldman, but certainly I think it's fair to say we're not pushing that. Our briefs are here. And Younger abstention, I don't think that would apply at this point, given that everything in the local courts has been resolved. But instead, you're right, we have been focusing more on the race judicata issue. And that's because the Superior Court complaint and the District Court complaint, as the District Court found, have claims that are effectively the same. And that is that Mr. Jackson is challenging the denial of his D.C. bar application. In the Superior Court, he challenged it with various grounds. And in the District Court, he lays out the same grounds, although some of them with slightly different labels. I would disagree with Amicus that these are, in fact, new claims. And if you look very closely at the District Court complaint, specifically the references to paragraphs, the second paragraph forward. But the Superior Court dismissed for lack of subject matter jurisdiction. Don't we have case after case after case after case that says race judicata does not apply when you haven't reached the merits? And you're asking us to apply race judicata to merits determinations that have never been made. Well, I think that there is an exception in GAF Corp., which is cited in our brief, as well as Dozer, where when there is a jurisdictional ruling in one court, that jurisdictional ruling, when it's on the same issue on another court. Jurisdictional ruling, but not the merits. That's right. But the subject matter jurisdiction is equally applicable here in the District Court, which is that the claims that he's putting forth, the exclusive jurisdiction, is with the D.C. Court of Appeals. That's the same for the District Court complaint as it is for the Superior Court complaint. And so under that narrow view of what he's asking for, the only place he can ask for it is before the D.C. Court of Appeals. That's something that Feldman, the Supreme Court held in Feldman. It's been held in other cases in this court as well as in local courts that the exclusive jurisdiction is with the D.C. Court of Appeals. And so under that narrow jurisdictional ruling that the Superior Court made, that's equally applicable here in the District Court here, and then I think warrants a race judicata ruling. And I do believe that GAF Corp. and Dozer both support that. Now those are both federal. I will say that the GAF Corp. in footnote 72 does refer to a state court determination of jurisdiction that does carry over to a federal court as well. That's a Tenth Circuit case. But I wanted to just return back to the references to paragraph 4, 5, and 6 of the District Court complaint. The second paragraph, 4, is not actually about the bar application itself or a challenge to anything that happened before the Committee on Admissions. And so I do want to make sure that we are being fair to his complaint. He does have two claims in there. One is about the bar application, and one is about a notice of claim that has been fairly forfeited. So paragraph 4 of the complaint, the second paragraph, 4 of the complaint, is an issue that has been forfeited before this court with regard to the notice of claim. Similarly so is paragraph 5. He's referring to the mayor's office with the notice of claim not mailing his decision. The mayor's office not giving him a hearing. And the mayor's office not doing discovery. All of that is with regard to that notice of claim issue that is sort of a second issue in his complaint that he's never briefed before this court, and thus has been forfeited. In terms of paragraph 6 of the complaint, where he does set forth a 6th and 14th Amendment count or allegation, they're very similar to the 14th Amendment complaint that is in the Superior Court. And I think that the District Court was being fair when it read his complaint, where he summarizes his counts in the Superior Court and then reiterates very similar claims to what's in the Superior Court as being nothing more than just a repeat of his Superior Court complaint now in federal court. And for that reason, race judicata and the subject matter jurisdiction ruling that underpins the Superior Court finding or ruling would equally apply here in federal court. Can I back up again? I'm looking at my notes here. Did the Superior Court actually say that the exclusive jurisdiction was with the DC Court of Appeals? I know the DC Court of Appeals said that. But did the Superior Court? I thought they simply said that they lacked subject matter jurisdiction. Sure. So the Superior Court's order... And that would make a difference, wouldn't it? Because we're talking about the preclusive effect of the Superior Court's decision. That's right. And so the Superior Court's order begins with a reference to the arguments that are made in the motion to dismiss, sort of incorporating those arguments. The motion to dismiss on subject matter jurisdiction is entirely an argument on the Court of Appeals, the DC Court of Appeals, having exclusive jurisdiction. And so when the DC... So to get to where you're going with characterizing what took place in front of the DC Superior Court, you'd have to incorporate by reference the arguments on the briefs, right? Because the language that the DC Superior Court itself used in its order didn't say... I mean, the July 2017 order says, as discussed in defendant's motion to dismiss in supporting memoranda, plaintiff's complaint must be dismissed for many reasons. Specifically, this Court lacks subject matter jurisdiction over this act. This Court, right. This Court. That's not there for a bond to say expressly jurisdiction is only in the Court of Appeals, right? That's right. However, I will say that to the extent that we then need to rely on the DC Court of Appeals opinion, which does expressly address that, that's also fine. There are cases, and we cited it in our brief, I believe on page 16, that it doesn't really matter in terms of the fact that the complaint may have been filed before the DC Court of Appeals ruled. It's kind of who gets to the decision first. And certainly that the DC Court of Appeals has ruled. It is final. The mandate has been issued. And so I don't think there would be any harm in relying on the DC Court of Appeals decision in this context either. There are no further questions. All right. Okay. Thank you. Thank you. Does Ms. Boyce have a comment? No. All right. Do you want to take a minute? Thank you, Your Honor. I would agree with Judge Griffith's assessment of the superior court's judgment, and that is that the jurisdictional holding was limited to the narrow question of whether that court, in fact, had subject matter jurisdiction. The same is true of the DC Court of Appeals. What about the incorporating by reference the briefing that had taken place below? Your Honor, I don't think it would be appropriate to look through to the briefing, but even if the court were to look through to the briefing and hold that the superior court, the jurisdictional holding of the superior court was more expansive, as appellees have urged, that would not change the fact that Mr. Jackson is not raising the same claims. In fact, it's not clear. Let me back up. Why not look through to the briefing? Why wouldn't that be appropriate to do? Your Honor, I'm not familiar with any case law that would say that the approach to interpreting and jurisdictional holding is to go back to what the parties argued and to look at it. But even if the court were to conclude that that's the proper course, there would still be the second problem with the res judicata argument, which is that Mr. Jackson is not raising the same claims in this complaint. Indeed, he would not have had standing to even raise these claims. What about the notion that whatever claims he's raising, the place to bring that is before the court of appeals, right? They have exclusive jurisdiction over these sorts of bar admissions. Only if Mr. Jackson is bringing a narrow challenge to the bar admissions decision. Feldman points the way on that. The Supreme Court's decision in Feldman, and it draws a clear line between cases that challenge an individual bar admission decision and cases that bring broader constitutional challenges to bar admission rules. In his federal complaint, Mr. Jackson is bringing the latter kind of claim, and in the superior court he brought the former. And, again, he would not even have standing to bring a broader constitutional challenge at the time that he brought his superior court complaint. For that reason, the district court should be dismissed and the case should be remanded for assessment in the merits of the claims. Thank you. Ms. Boyd, you were appointed by the court as amicus, and we thank you for an outstanding job. Thank you.
judges: Henderson, Griffith, Wilkins